Commonwealth *v.* Nixon, Appellant.

Argued January 17, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*C. George Milner,* for appellant.

*James Garrett,* Assistant District Attorney, with him *James T. Ranney* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1974:

Appellant Arlene Nixon does not deny that on January 12, 1973, she stabbed and killed Belton Carter. At trial before a judge sitting without a jury, appellant contended that she stabbed Carter in self-defense. A confession which had been the subject of an unsuccessful pretrial motion to suppress was admitted into evidence over defense objection. The trial judge found appellant guilty of voluntary manslaughter[1] and carrying a concealed deadly weapon.[2] Concurrent sentences of two and one-half to eight years and six months to one year imprisonment were imposed. This appeal followed.

The single issue before us is the voluntariness of appellant's confession.[3] Review of the record reveals

---

[1] Appellant was indicted for murder generally. Prior to trial, a jury was waived and the Commonwealth stipulated that the homicide rose no higher than murder in the second degree.

[2] This Court has jurisdiction on appeal from convictions of felonious homicide pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1973). The appeal from the weapons conviction was transferred here from the Superior Court.

[3] Appellant also challenges the constitutionality of the Muncy Act, Act of July 25, 1913, P.L. 1311, § 15, as amended, 61 P.S. § 566 (Supp. 1973). This issue need not be reached because of the absence of a showing of prejudice.

610

no error in the suppression court's conclusion that the confession was the product of "an essentially free and unconstrained choice." *Commonwealth v. Riggins,* 451 Pa. 519, 525, 304 A.2d 473, 476 (1973) (emphasis omitted); *Commonwealth v. Hallowell,* 444 Pa. 221, 225-26, 282 A.2d 327, 329 (1971); see *Blackburn v. Alabama,* 361 U.S. 199, 207-08, 80 S. Ct. 274, 280-81 (1960). Neither do we find error in the court's admission of the confession at trial.

The trial court found appellant guilty of voluntary manslaughter and carrying a concealed deadly weapon. There is no basis for disturbing these verdicts.

Judgments of sentence affirmed.